# In the United States Court of Federal Claims

No. 20-770T

(Filed: November 25, 2020)

(NOT TO BE PUBLISHED)

|  |  |
|---|---|
| **GEORGE G. ALEXANDER** | ) |
| **BEVERLY A. ALEXANDER**, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **UNITED STATES**, | ) |
|  | ) |
| Defendant. | ) |

George G. Alexander, Beverly A. Alexander, *pro se*, Selah, Washington.

Elizabeth Ann Kanyer, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Richard E. Zuckerman, Principal Deputy Assistant Attorney General, and David I. Pincus, Chief of Court of Federal Claims Section, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Plaintiffs George and Beverly Alexander have brought suit seeking injunctive relief for an alleged violation of their due process rights by the Internal Revenue Service ("IRS"). *See* Compl., at 1-2, ECF No. 1. Plaintiffs allege that a Notice of Lien filed by the IRS against plaintiffs' property was a counterfeit security, and that the IRS stole $113,150.60 from plaintiffs' IRA. *Id.* at 4-5. Pending before the court is the United States' ("the government") motion to dismiss the Alexanders' complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 11. Plaintiffs filed a response to the motion. *See* Pls.' Resp. to Def.'s Mot. ("Pls.' Resp."), ECF No. 13. Because the Alexanders have failed to establish jurisdiction by a preponderance of the evidence, the government's motion to dismiss is GRANTED and the Alexanders' claims are DISMISSED.

**BACKGROUND**[1]

On September 27, 2016, the IRS sent the Alexanders a Notice of Jeopardy and Right to Appeal, notifying them of their failure to make certain income tax payments for 2015.  *See* Def.'s Mot., Decl. of Catherine Campbell ("Campbell Decl.") Ex. F.  Notices of Federal Tax Liens were filed with the Yakima County auditor and the Washington State Department of Licensing two days later.  *See* Campbell Decl. Ex. D.  The Alexanders timely requested a Collection Due Process ("CDP") hearing pursuant to 26 U.S.C. § 6330(b)(1), Campbell Decl. ¶ 7, but the IRS mailed Notices of Determination sustaining its decision to collect the unpaid tax assessment, *id.* Ex. G.  No timely request for judicial review of the Notices of Determination was made within the 30-day time period established by 26 U.S.C. § 6330(d).  *Id.* ¶ 8.  The Alexanders subsequently filed a petition in the United States Tax Court challenging the deficiencies and collection actions, but the court dismissed the suit for lack of jurisdiction.  *See Alexander v. Commissioner*, No. 25785-17, slip op. (T.C. Feb. 20, 2018).

The Alexanders filed suit in this court on June 18, 2020, seeking removal of the lien placed on their property as well as tort damages arising from the IRS' levying of $113,150.60 from their IRA.  *See* Compl. at 1-2.  They allege that the IRS violated their due process rights and failed to follow "required Internal Revenue Procedures."  *Id.* at 1.  Furthermore, the Alexanders assert that the IRS "lacked the [j]urisdiction to take the action they took," *id.* at 2, and that the lien on their property constitutes a "[c]ounterfeit [s]ecurity" under 18 U.S.C. § 513. *id.* at 4.

**STANDARDS FOR DECISION**

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)).  If a plaintiff fails to raise a claim under a money-mandating provision, this court "should [dismiss] for lack of subject matter jurisdiction."  *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

As plaintiffs, the Alexanders must establish jurisdiction by a preponderance of the evidence.  *See Trusted* Integration*, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[2]  When

---

[1] The recitations that follow do not constitute findings of fact, but rather are recitals attendant to the pending motions and reflect matters drawn from the complaint, the parties' briefs, and records and documents appended to the complaint and briefs.

[2] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements."  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing

ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

In its motion to dismiss, the government asserts that "each of [the Alexanders'] claims is outside this [c]ourt's subject-matter jurisdiction." Def.'s Mot. at 7. First, the Alexanders named the Commissioner of Internal Revenue as the defendant in their filing. *See* Compl. at 1. This court lacks jurisdiction over the Alexanders' claims to the extent that they are "attempting to obtain relief from the IRS Commissioner because the court has 'jurisdiction over suits against the United States, not against individual federal officials.'" *Kupersmit v. United States*, 2019 WL 1569791, at *3 (Fed. Cl. Apr. 11, 2019) (quoting *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1994) (additional citation omitted).

Second, given that "the Due Process Clauses of the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act," the Alexanders' claims of due process violations are not cognizable in this court. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)). The Alexanders' request for removal of the lien similarly falls outside the court's jurisdiction. While the Tucker Act authorizes the award of equitable relief that is ancillary to an award for money damages, *see* 28 U.S.C. § 1491(a)(2), "[t]his court's equitable authority does not allow the court to enjoin the IRS from collection of penalties or taxes even if the IRS' assessment and collection is tied directly to a claim for a refund that is properly before the court." *Schlabach v. United States*, 97 Fed. Cl. 232, 234 (2011).

Third, the Alexanders also fail to establish jurisdiction over their claim that the IRS illegally levied money from their IRA. "[A] claim of fraudulent tax collection is essentially a tort claim," *Pekrul v. United States*, 792 Fed. Appx. 836, 838 (Fed. Cir. 2020), and the plain text of the Tucker Act forecloses this court from hearing claims "sounding in tort," 28 U.S.C. § 1491(a)(1). Lastly, the Alexanders' claim that the notice of lien constitutes a counterfeit security under 18 U.S.C. § 513 is not cognizable in this court. Title 18 of the United States Code covers federal crimes and criminal procedure, subject matter that this court is precluded from adjudicating. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)

---

*Hughes v. Rowe*, 449 U.S. 5, 15 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). This leniency, however, cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary*, *United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

3

("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . .").

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED. The Alexanders' complaint shall be DISMISSED for lack of subject-matter jurisdiction. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge
